1  Paul Winkler
2  76 West Mahi Pua Place
   Lahaina Hi 96761
3  925-381-0032
4  Paulwinkler1@comcast.net

FILED
2018 JUN 21 AM 9:18
D. PELLAZAR, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

18  Paul Winkler, Plaintiff

19  vs

20                                               Civil 18-1-0263(2)

                                                 Complaint for Damages and
21                                               Declaratory relief

22  Specialized Loan Servicing,
                                                 SUMMONS DENIED
23  Defendant

PLEADING TITLE - 1

I hereby certify that this is a full, true and correct copy of the original

Clerk, Second Circuit Court

JUL - 5 2018

**EXHIBIT A**

1    This complaint arises out of issues relating to the property located at
2    324 Anapuni Place Lahaina Hi 96761 ( Subject property). SLS is the servicer (not
3
4    a lender), for the mortgage that is secured by the subject property. The loan
5    secured by the subject property was originated by Indy Mac Mortgage some 12
6
7    years ago and has since been assigned or purchased by Deutsche Bank, when Indy
8    Mac went out of business.
9
10              As the Servicer for the loan, SLS is responsible for the receipt of
11   payments, accurate reporting to the credit bureaus and processing loan renewals
12
13   and modifications in a timely manner. On December 1, 2015, the loan matured and
     SLS was responsible for processing the renewal/modification. SLS has a
14
15   standardized list of documents that are required to process a renewal or
16
     modification. After receiving the standardized check-list from SLS, Plaintiff
17
18   supplied all required documents as required. In addition, as instructed by Viola, the
19   "single point of contact" at SLS, Plaintiff continued to make the regular monthly
20
21   payment on time each month.
22              After months and months of providing documents to SLS, long
23
     response times and lost documents by SLS, Plaintiff received a letter from SLS
24
25   stating they were denying the loan modification as the documents requested were
26   still missing. The denial letter was signed by Viola the "single point of contact" for
27
28   SLS. Plaintiff contacted Viola and sent her a copy of the denial letter. Viola stated
     PLEADING TITLE - 2

she did not originate the letter and in reviewing the file all documents required had been provided and the file was complete. Viola then "expedited" the file to underwriting and after several more months of waiting the loan modification was approved.

During the period of December 1, 2105- June 2016, Plaintiff made all payments on time as required. SLS then returned some of the payments and reported plaintiff late to the credit bureaus. SLS sent Plaintiff a letter stating they had made a mistake accepting some of the payments. Even though SLS continued to delay the timely processing of the loan modification they now changed their policy to not accept payments and reported Plaintiff late to the credit bureaus.

In Oct, Nov, Dec, 2017, Plaintiff again made 3 payments in accordance with the terms and conditions of the loan documents. SLS reported Plaintiff late to the credit bureaus on 2 of the 3 timely payments and reported " no data available" for the 3rd payment.

Plaintiff has applied to 3 different lenders to refinance various properties he owns: because of the SLS late reporting to the credit bureaus Plaintiff has been denied financing. Plaintiff will suffer extensive financial damage because of the actions of SLS. Because of defendant's actions Plaintiff will now be forced to seek financing at much higher rates and financing might not be possible at all

PLEADING TITLE - 3

Since December of 2015, until the date of the modification of the loan, defendant has continually acted in a negligent manner. Without notice or cause defendant has changed its policies, lost documents and misstated in writing, the truth as to the true reasons the loan was not processed in a timely and professional manner.

The Fair Credit Reporting act was established to create fairness, accuracy and protect the information of the consumer. Due to its negligence, SLS has acted unfairly, negligently and inaccurately reported the true nature of the delays and issues to the credit agencies. By misstating the truth as to the true reasons for delaying the loan approval SLS has caused unfair and inaccurate reporting to the credit agencies.

By stating they would accept payments during the renewal/modification process and then changing its mind, while delaying the loan modification, SLS has acted negligently, unfairly and damaged Plaintiff

SLS is a loan servicer, not a lender. The obligations of SLS include- To act in a fair and competent manner, to be timely and accurate and not mislead the borrower or credit agencies. Losing documents, misstating the true reasons for delay and policy changes, that were a "mistake" by SLS, have caused long term financial damage to the Plaintiff.

PLEADING TITLE - 4

Plaintiff plans to conduct discovery on the various records, process', notifications and "investors guidelines" referred to by SLS, and reserves the right to amend this complaint after completion of discovery.

FIRST CAUSE OF ACTION- NEGLEGANCE

SLS has a duty to process the loan modification/renewal in a timely and fair manner. By SLS unfairly delaying the processing of the loan, losing documents, changing policy and misstating the true cause of the delays, SLS has breached its obligations and damaged Plaintiff in an amount to be determined by the court at time of trail.

SECOND CAUSE OF ACTION-INJUNCTIVE RELEIF

Under the Fair Credit Reporting Act, SLS has a duty to report information to the credit agencies in a "fair and accurate" manner. SLS delayed the processing of the modification, changed policies, misstated the truth as to the delays, acted negligently, returned payments, then reported Plaintiff late to the credit agencies. SLS has a duty to report accurately to the credit agencies. Their reporting does not represent the true facts and are misleading and inaccurate.

Because of Defendants actions, they have damaged Plaintiffs credit. Plaintiff requests injunctive relief from the court requiring Plaintiff to accurately report the circumstances in delaying the approval of the loan and negligence by SLS to the credit agencies, as well as the true and correct payment history of Plaintiff.

THIRD CAUSE OF ACTION- VIOLATION OF THE FAIR CREDIT REPORTING ACT.

The fair Credit Reporting Act requires that reporting of consumer payments be done in a fair and accurate manner. SLS, because of its negligence and mis-statements and complete lack of fairness and timeliness, SLS has violated the Fair Credit Reporting Act.

This violation has caused damage to Plaintiff. Plaintiff will now be required to obtain higher interest rate loans and might not be able to obtain financing in any form.

Plaintiff requests damages to be determined at the time of trail.

PLEADING TITLE - 6

## PRAYER

Plaintiff Prays as follows:

### 1- DAMAGES FOR NEGLEGANCE

SLS did not timely, fairly and competently process the loan modification. SLS misrepresented the true reason for the delays in processing the loan modification.

Damages to be awarded in an amount to be determined at trail.

### 2- DECLARATORY RELEIF

SLS must fairly, completely and accurately report to all credit agencies. I request the court instruct SLS to report fairly and accurately to all credit agencies. If the delays by SLS caused late or inaccurate reporting all negative data provided to the credit agencies should be removed.

### 3- DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

SLS has not accurately and fairly reported to the credit agencies. Damages to be determined at the time of trial for violations of the fair Credit Reporting Act

PLEADING TITLE - 7

## 4- ATTORNEY'S FEES

For attorneys' fees in amount according to statute and as determined by the court.

Paul Winkler



In Pro Per

Paul Winkler *(In Pro Per)*
76 West mahi Pua Place Lahaina Hi 96761
Paulwinkler1@comcast.net
Telephone (925) 381-0032

Plaintiff
*(In Pro Per)*

## IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| PAUL WINKLER, an individual,<br><br>Plaintiff,<br><br>vs.<br>SPECIALIZED LOAN SERVICING<br>and DOES 1-10, inclusive,<br><br>Defendants. | Civil No. _____<br>(Contract, Other Non-Vehicle Tort; Other Civil Action)<br><br>**SUMMONS** |

### SUMMONS

STATE OF HAWAII

To the above-named Defendants and their Attorney- Jade Lynne Ching, 737 Bishop Street # 2090 Honolulu Hi 96813:

You are hereby summoned and required to file with the court and serve upon Plaintiff, In Pro Per, located at 76 West Mahi Pua Place Lahaina Hi 96761, an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in any entry of default and default judgment against the disobeying person or party.

DATED: Wailuku, Hawaii, _____**DENIED**_____.