NAKASHIMA CHING LLC
Attorneys at Law

JADE LYNNE CHING      5808
RYAN B. KASTEN        10395
737 Bishop Street, Suite 2090
Honolulu, Hawai`i  96813
Telephone:  808-784-2090
Facsimile:  808-784-2091
E-mail: jlc@nchilaw.com
        rbk@nchilaw.com

Attorneys for Defendant
SPECIALIZED LOAN SERVICING LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PAUL WINKLER,<br><br>         Plaintiff,<br><br>   vs.<br><br>SPECIALIZED LOAN SERVICING,<br><br>         Defendant. | Case No. 18-cv-00278<br><br>**DEFENDANT SPECIALIZED LOAN SERVICING LLC'S ANSWER TO PLAINTIFF PAUL WINKLER'S COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF;** CERTIFICATE OF SERVICE |

**DEFENDANT SPECIALIZED LOAN SERVICING LLC'S ANSWER TO
PLAINTIFF PAUL WINKLER'S COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF**

Defendant Specialized Loan Servicing LLC ("SLS"), by and through its attorneys, Nakashima Ching LLC, hereby answers the *Complaint for Damages and Declaratory Relief* (the "Complaint") as follows:

**FIRST DEFENSE**

1.     The Complaint fails to state a claim against SLS upon which relief can be granted.

**SECOND DEFENSE**

2.     As to the first paragraph on page 2[1] beginning with "This complaint arises out of…", SLS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same and leaves Plaintiff Paul Winkler ("Plaintiff") to his proof.

3.     As to the second paragraph on page 2 beginning with "As the Servicer for the loan…", the allegations in this paragraph are legal conclusions, or seek legal conclusions, to which no response is required.  To the extent a response is required, SLS denies the allegations contained in this paragraph.

4.     As to the third paragraph on page 2 and continuing to page 3 beginning with "After months and months…" SLS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same and leaves Plaintiff to his proof.

5.     As to the first paragraph on page 3 beginning with "During the period of December 1, 2105(sic) – June 2016…", SLS denies Plaintiff's allegation that he made all payments on

---

[1] References to page numbers refer to the number following "PLEADING TITLE" at the bottom of each page of the Complaint.

time as required during this period.  SLS further denies all legal conclusions and allegations contained in said paragraph.

6.  As to the second paragraph on page 3 beginning with "In Oct, Nov, Dec, 2017…", the allegations are legal conclusions, or seek legal conclusions, to which no response is required.  To the extent a response is required, SLS denies the allegations contained in this paragraph.

7.  As to the third paragraph on page 3 beginning with "Plaintiff has applied to 3 different lenders…", SLS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same and leaves Plaintiff to his proof.

8.  As to the first paragraph on page 4 beginning with "Since December of 2015…", SLS denies the allegations contained in this paragraph.

9.  As to the second paragraph on page 4 beginning with "The Fair Credit Reporting act…", the allegations are legal conclusions, or seek legal conclusions, to which no response is required.  To the extent a response is required, SLS denies the allegations contained in this paragraph.

10.  As to the third paragraph on page 4 beginning with "By stating they would accept payments…", the allegations are legal conclusions, or seek legal conclusions, to which no

response is required.  To the extent a response is required, SLS denies the allegations contained in this paragraph.

11.  As to the fourth paragraph on page 4 beginning with "SLS is a loan servicer, not a lender…", the allegations are legal conclusions, or seek legal conclusions, to which no response is required.  To the extent a response is required, SLS denies the allegations contained in this paragraph.

12.  As to the first paragraph on page 5 beginning with "Plaintiff plans to conduct discovery…", SLS states that this paragraph does not require an answer.

13.  As to the paragraph on page 5 with the heading of "FIRST CAUSE OF ACTION-NEGLEGANCE (sic)", the allegations in this paragraph are legal conclusions, or seek legal conclusions, to which no response is required.  To the extent a response is required, SLS denies the allegations contained in this paragraph.

14.  As to the paragraph on page 5 with the heading of "SECOND CAUSE OF ACTION-INJUNCTIVE RELEIF (sic)" continuing to the first paragraph on page 6, the allegations contained in these paragraphs are legal conclusions, or seek legal conclusions, to which no response is required.  To the extent a response is required, SLS denies the allegations contained in these paragraphs.

15. As to the paragraphs on page 6 with the heading of "THIRD CAUSE OF ACTION-VIOLATION OF THE FAIR CREDIT REPORTING ACT" and continuing to the next paragraph beginning "This violation has caused…", the allegations in these paragraphs are legal conclusions, or seek legal conclusions, to which no response is required. To the extent a response is required, SLS denies the allegations contained in these paragraphs.

16. As to the final sentence on page 6 beginning with "Plaintiff requests…", SLS states that this paragraph does not require an answer.

17. SLS denies any and all allegations and claims in the Complaint not specifically admitted, including those in Plaintiff's Prayer and its subparts, and specifically denies that Plaintiff is entitled to any relief against SLS.

**THIRD DEFENSE**

18. SLS intends to rely upon the defense of knowledge and/or acquiescence.

**FOURTH DEFENSE**

19. SLS intends to rely upon the defense of failure to mitigate damages.

**FIFTH DEFENSE**

20. SLS intends to rely upon the defense of a failure of a condition precedent and/or a condition subsequent.

## SIXTH DEFENSE

21.     SLS intends to rely upon the defense of payment, release, and/or accord and satisfaction.

## SEVENTH DEFENSE

22.     SLS intends to rely upon the defenses of consent, waiver, and ratification.

## EIGHTH DEFENSE

23.     SLS intends to rely upon the defense that Plaintiff's rights and remedies are restricted and limited by the applicable contracts and/or agreements.

## NINTH DEFENSE

24.     SLS intends to rely upon the defense of comparative negligence.

## TENTH DEFENSE

25.     SLS intends to rely upon the defense of good faith.

## ELEVENTH DEFENSE

26.     Some or all of Plaintiff's claims set forth in the Complaint are barred, in whole or in part, by the breach, default, or other failure of Plaintiff to observe and/or perform all of his obligations under the applicable contracts and agreements.

## TWELFTH DEFENSE

27.    Some or all of the claims set forth in the Complaint are barred, in whole or in part, as a result of the acts or omissions by third parties over whom SLS had no control and for whom SLS is not responsible and SLS did not cause any harm to Plaintiff.

## THIRTEENTH DEFENSE

28.    SLS intends to rely upon the defense of bad faith and/or unclean hands.

## FOURTEENTH DEFENSE

29.    SLS intends to rely upon the defenses of setoff, offset, and/or recoupment.

## FIFTEENTH DEFENSE

30.    Some or all of the claims set forth in the Complaint are barred, in whole or in part, by compromise and release, estoppel, or waiver.

## SIXTEENTH DEFENSE

31.    Any damages allegedly suffered by Plaintiff are due to his own actions or omissions, and/or those of agents and/or those for whose actions they are charged by law with responsibility and were not caused by SLS.

## SEVENTEENTH DEFENSE

32.    Plaintiff is prohibited by the parol evidence rule from relying on evidence regarding contemporaneous

negotiations or agreements that vary or alter the terms of the clear and unambiguous contracts at issue in this matter.

## EIGHTEENTH DEFENSE

33.   SLS intends to rely upon the defense that Plaintiff knowingly and voluntarily assumed the risk of his damages and is, therefore, barred from recovery against SLS.

## NINETEENTH DEFENSE

34.   The claims of Plaintiff are barred by the applicable statute of limitations.

## TWENTIETH DEFENSE

35.   The claims of Plaintiff are barred by breach of duty or contract, default, or other failure or misconduct by Plaintiff and/or by other persons beyond the control of SLS.

## TWENTY-FIRST DEFENSE

36.   SLS intends to rely upon every defense identified in Rules 8 and 12 of the Federal Rules of Civil Procedure which is supported by evidence and adduced in discovery.

37.   SLS reserves the right to assert additional defenses that may be revealed through investigation or discovery.

WHEREFORE, SLS prays as follows:

1.   The Court dismiss the Complaint herein with prejudice;

2. The Court award SLS its attorneys' fees and costs; and

3. The Court award SLS such other and further relief as may be just and equitable.

DATED: Honolulu, Hawai`i, July 26, 2018.

/s/ Ryan B. Kasten
JADE LYNNE CHING
RYAN B. KASTEN
Attorneys for Defendant
SPECIALIZED LOAN SERVICING LLC